IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:19-CV-13-D

SHERRI RAMOS BRANDT, )
)
Plaintiff, )
)
v. ) **ORDER**
)
ANDREW M. SAUL, )
Commissioner of Social Security, )
)
Defendant. )

On June 3, 2020, Magistrate Judge Jones issued a Memorandum and Recommendation ("M&R") [D.E. 27] and recommended that the court grant Sherri Ramod Brandt's ("Brandt" or "plaintiff") motion for judgment on the pleadings [D.E.17], deny Andrew M. Saul's ("Saul" or "defendant") motion for judgment on the pleadings [D.E. 24], and remand the action to the Commissioner. On June 17, 2020, plaintiff objected to the M&R and asked the court to remand the case for an award of benefits [D.E. 28]. On the same date defendant objected to the M&R [D.E. 29].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b)(1). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and the parties' objections. As for those portions of the M&R to which no party objected, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff and defendant objected. The scope of judicial review of a final decision concerning disability benefits under the Social Security Act, 42 U.S.C. § 301 et seq., is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., 42 U.S.C. § 405(g); Shinaberry v. Saul, 952 F.3d 113, 120 (4th Cir. 2020); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted); see Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996); see Biestek, 139 S. Ct. at 1154; Shinaberry, 952 F.3d at 120. This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Shinaberry, 952 F.3d at 123; Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court examines whether the Commissioner analyzed the relevant evidence and sufficiently explained his findings and rationale concerning the evidence. See, e.g., Shinaberry, 952 F.3d at 123; Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Plaintiff contends that Judge Jones should have recommended that the case be remanded to the commissioner for an award of benefits instead of for a rehearing. See [D.E. 28] 1–3. Defendant's objections restate the arguments made to Judge Jones concerning whether the

2

Administrative Law Judge ("ALJ") properly assessed the weight given to plaintiff's treating physician. Compare [D.E. 29] 1–2, with [D.E. 25] 6–10. However, Judge Jones applied the proper legal standards. See M&R [D.E. 27] 6–12. Accordingly, the court adopts the M&R and overrules the objections.

In sum, the court OVERRULES plaintiff's objections to the M&R [D.E. 28], OVERRULES defendant's objections to the M&R [D.E. 29], ADOPTS the conclusions in the M&R [D.E. 27], GRANTS plaintiff's motion for judgment on the pleadings [D.E. 17], DENIES defendant's motion for judgment on the pleadings [D.E. 24], and REMANDS the action to the Commissioner for further consideration as described in the M&R.

SO ORDERED. This 7 day of July 2020.

*Dever*
JAMES C. DEVER III
United States District Judge